**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

**TAMMY FLETCHER**
24 D-1 Brookedge Court
Newark, Delaware 19702
Plaintiff

v.

**ST. JOSEPH REGIONAL MEDICAL CENTER**
703 Main Street
Paterson, New Jersey 07503
and
**ST. JOSEPH'S HEALTH SYSTEM**
703 Main Street
Paterson, New Jersey 07503
and
**VIDOR BERNSTEIN, M.D.**
703 Main Street
Paterson, New Jersey 07503
and
**MADELYN DANOFF, M.D.**
703 Main Street
Paterson, New Jersey 07503
and
**UNITED STATES OF AMERICA**
c/o U.S. Attorney's Office -Newark, NJ
Broad Street, Suite 700
Newark, New Jersey 07102
or
c/o Office of the Attorney General
950 Pennsylvania Avenue, N.W.
Washington, DC 20530
or
Office of General Counsel
Claims Office
330 Independence Avenue, S.W.
Cohen Building, Room 4256
Washington, DC 20201
and
**MARC MELINCOFF, M.D.**
1135 Broad Street, Suite 201
Paterson, New Jersey 07513
and
**ST. JOSEPH FAMILY MEDICINE**
1135 Broad Street, Suite 201
Paterson, New Jersey 07513

CIVIL ACTION NO. 10-1499 (JLL)

JURY TRIAL DEMANDED

CIVIL ACTION COMPLAINT

U.S. DISTRICT COURT
2010 MAR 24 A 10: 54

and :
**JOHN/JANE DOE, M.D. 1-50** :
(said names being fictitious) :
and :
**JOHN/JANE DOE, R.N. 1-50** :
(said names being fictitious) :
and :
**JOHN/JANE DOE 1-50** :
(said names being fictitious) :
and :
**JOHN DOE CORPORATIONS 1-50** :
(said names being fictitious) :
Defendants :

---

**CIVIL ACTION COMPLAINT**
**AND DEMAND FOR JURY TRIAL**

Plaintiff, Tammy Fletcher, by and through her undersigned counsel, brings this action against St. Joseph Regional Medical Center, St. Joseph's Health System, Vidor Bernstein, M.D., Madelyn Danoff, M.D., United States of America, Marc Melincoff, M.D., St. Joseph Family Medicine, John/Jane Doe, M.D. 1-50, John/Jane Doe, R.N. 1-50, John/Jane Doe 1-50 and John Doe Corporations 1-50 (collectively, "Defendants") and alleges as follows:

**SUMMARY OF THE ACTION**

1. This medical malpractice action involves the failure to diagnose Plaintiff's breast cancer. Between 2003 and 2007, Plaintiff had at least four mammograms. Despite her complaints of tightness, pain, tenderness and lumps in and around her breasts, Defendants failed to diagnose her breast cancer. In May 2008, the truth was revealed -- Plaintiff had Stage III breast cancer.

2. As a result of Defendants' failure to timely and properly diagnose Plaintiff's breast cancer, Plaintiff has suffered pain, medical expenses, mental anguish, embarrassment, disfigurement, reconstructive breast surgery, humiliation, loss of earning capacity and a loss of life's pleasures, among other things. Therefore, Plaintiff brings this medical malpractice action against all Defendants.

**JURISDICTION AND VENUE**

3. This action is brought in the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §1332 as a civil action in which the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs and is a controversy between citizens of different states. Jurisdiction is also proper pursuant to 42 U.S.C. § 233, 28 U.S.C. §§ 2671-80 and 28 U.S.C. § 1346(b). An administrative claim has been presented and left without action by the United States Department of Health & Human Services for six months, permitting suit to be instituted pursuant to 28 U.S.C. § 2675. Venue is properly laid in this district pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

4. Plaintiff, Tammy Fletcher, is a citizen and resident of the State of Delaware, residing therein at 24 D-1 Brookedge Court, Newark, Delaware 19702.

5. Defendant, St. Joseph Regional Medical Center is a jural or other entity organized and existing under the laws of the State of New Jersey and maintains and/or operates a general medical facility and/or a radiology/medical practice, with its principal place of business located at 703 Main Street, Paterson, NJ 07503.

6. Defendant, St. Joseph's Health System is a jural or other entity organized and existing under the laws of the State of New Jersey and maintains and/or operates a general medical facility and/or a radiology/medical practice, with its principal place of business located at 703 Main Street, Paterson, NJ 07503.

7. At all times relevant hereto, Defendant, Vidor Bernstein, M.D., was a licensed and practicing physician of the State of New Jersey with an office located at St. Joseph Regional Medical Center, 703 Main Street, Paterson, NJ 07503, holding himself out to the public as a specialist in the

field of Radiology. As such, Defendant Bernstein is and was held to a higher standard of care than a general practitioner within his chosen specialty.

8. At all times relevant hereto, Defendant, Madelyn Danoff, M.D., was a licensed and practicing physician of the State of New Jersey with an office located at St. Joseph Regional Medical Center, 703 Main Street, Paterson, NJ 07503, holding herself out to the public as a specialist in the field of Radiology. As such, Defendant Danoff is and was held to a higher standard of care than a general practitioner within her chosen specialty.

9. Defendant, United States of America is a jural or governmental entity and is liable for the negligent or wrongful acts or omissions of Federal agencies, employees and/or agents of the government acting within the scope of their employment as set forth in 28 U.S.C. §§ 2671 *et seq.*, and in this case is liable for the negligent and wrongful acts and omissions of Paterson Community Health Center, Karen York-Yung, M.D a/k/a Karen York Mui-Yung, M.D and Adriana Nur, M.D. At all times relevant hereto, Karen York-Yung, M.D. a/k/a Karen York Mui-Yung, M.D, was a licensed and practicing physician of the State of New Jersey, with an office located at 227 Broadway, Paterson, NJ 07501, holding herself out to the public as a specialist in the field of Internal Medicine. As such, Defendant York-Yung is and was held to a higher standard of care than a general practitioner within her chosen specialty. At all times relevant hereto, Dr. Yung was an employee of the government acting within the scope of her employment or was otherwise acting under color of employment of the Department of Health and Human Services, which is an agency of the United States and as such falls under the Federal Torts Claim Act. At all times relevant hereto, Adriana Nur, M.D., was a licensed and practicing physician of the State of New Jersey with an office located at 32 Clinton Street, Paterson, NJ 07522, holding herself out to the public as a specialist in the field of Internal Medicine. As such, Dr. Nur is and was held to a higher standard of care than a general

practitioner within her chosen specialty. At all times relevant hereto, Dr. Nur was an employee of the government acting within the scope of her employment or was otherwise acting under color of employment of the Department of Health and Human Services, which is an agency of the United States and as such falls under the Federal Torts Claim Act. At all times relevant hereto, Paterson Community Health Center was a jural, governmental or other entity organized and existing under the laws of the State of New Jersey and or laws of the United States of America and maintains and/or operates a general medical facility and/or a medical practice, with its principal place of business located at 227 Broadway, Paterson, NJ 07501. At all times relevant hereto, Paterson Community Health Center was a Federal agency of the United States or was otherwise acting under color of the Department of Health and Human Services, which is an agency of the United States and was a Federally Qualified Health Center, and as such falls under the Federal Tort Claims Act.

10. At all times relevant hereto, Defendant, Marc Melincoff, M.D., was a licensed and practicing physician of the State of New Jersey with an office located at 1135 Broad Street, Suite 201, Paterson, NJ 07513, holding himself out to the public as a specialist in the field of Family Medicine.

11. Defendant, St. Joseph Family Medicine is a jural or other entity organized and existing under the laws of the State of New Jersey and maintains and/or operates a general medical facility and/or a medical practice, with its principal place of business located at 1135 Broad Street Suite 201, Paterson, NJ 07513.

12. Defendants, John/Jane Doe, M.D. 1-50, were duly licensed and practicing physicians in the State of New Jersey whose specializations, if any, are unknown to the Plaintiffs. Defendants, John/Jane Doe, M.D. 1-50, are named fictitiously herein due to Plaintiff's lack of information and knowledge as to the true identity of said John/Jane Doe M.D. 1-50. At such time as Plaintiff learns

the true identity of John/Jane Doe M.D. 1-50, this Complaint will be amended to reflect same. Defendants, John/Jane Doe, M.D. 1-50, are physicians who treated Plaintiff during the time period of 2003 through 2007. Said defendants were required to render care and treatment to Tammy Fletcher in accordance with the accepted standards of medical care.

13. Defendants, John/Jane Doe, R.N. 1-50, were duly licensed and practicing nurses in the State of New Jersey whose specializations, if any, are unknown to the Plaintiffs. Defendants, John/Jane, R.N. 1-50, are named fictitiously herein due to Plaintiff's lack of information and knowledge as to the true identity of said John/Jane Doe, R.N. 1-50. At such time as Plaintiff learns the true identity of John/Jane Doe, R.N. 1-50, this Complaint will be amended to reflect same. Defendants, John/Jane Doe, R.N. 1-50, are nurses who treated Plaintiff during the time period of 2003 through 2007. Said defendants were required to render care and treatment to Plaintiff in accordance with the accepted standards of medical/nursing care.

14. Defendants, John/Jane Doe 1-50, were healthcare professionals, and/or other individuals involved in the care and treatment of Plaintiff in the State of New Jersey whose specializations, if any, are unknown to Plaintiff. Defendants, John/Jane Doe, 1-50 are named fictitiously herein due to Plaintiff's lack of information and knowledge as to the true identity of said John/Jane Doe 1-50. At such time as Plaintiff learns the true identity of John/Jane Doe 1-50, this Complaint will be amended to reflect same. Defendants, John/Jane Doe 1-50, are individuals who treated Plaintiff during the time period of 2003 through 2007. Said defendants were required to render care and treatment to Plaintiff in accordance with the accepted standards of medical/nursing care.

15. Defendants, John Doe Corporations 1-50, were professional corporations that employed the physicians and/or nurses who treated Tammy Fletcher during the time period of 2003

thorough 2007. Defendants, John Doe Corporations 1-50, are named fictitiously herein due to Plaintiff's lack of information and knowledge as to the true identity of said John Doe Corporations 1-50. At such time as Plaintiff learns the true identity of John Doe Corporations 1-50 this Complaint will be amended to reflect same.

16. At all times relevant hereto, Defendants, St. Joseph Regional Medical Center and St. Joseph's Health System acted by and through their actual, apparent or ostensible agents, servants and/or employees including defendants Vidor Bernstein, M.D., Madelyn Danoff, M.D. and other physicians, nurses, fellows, residents, and medical professionals presently known to Defendants and unknown to Plaintiff that provided care, assessment, treatment and diagnosis described herein and are liable for the negligent acts or omissions of their authorized servants, employees, and actual or ostensible agents under theories of respondent superior, master servant, agency and right of control.

17. At all times relevant hereto, Defendant United States of America acted by and through its actual, apparent or ostensible agents, servants and/or employees including Paterson Community Health Center, Dr. Yung and Dr. Nur, and other physicians, nurses, fellows, residents, and medical professionals presently known to Defendants and unknown to Plaintiff that provided care, assessment, treatment and diagnosis described herein and are liable for the negligent acts or omissions of their authorized servants, employees, and actual or ostensible agents under theories of respondent superior, master servant, agency and right of control.

18. At all times relevant hereto, Defendant St. Joseph Family Medicine acted by and through its actual, apparent or ostensible agents, servants and/or employees including Dr. Melincoff, and other physicians, nurses, fellows, residents, and medical professionals presently known to Defendants and unknown to Plaintiff that provided care, assessment, treatment and diagnosis described herein and are liable for the negligent acts or omission of their authorized servants,

employees, and actual or ostensible agents under theories of respondent superior, master servant, agency and right of control.

19. Defendants, John/Jane Doe, M.D. 1-50, John/Jane Doe, R.N. 1-50, John/Jane Doe 1-50 and John Doe Corporations 1-50 are referred to collectively herein as the "John/Jane Doe Defendants." At all times relevant hereto, the John/Jane Doe Defendants acted by and through their actual, apparent or ostensible agents, servants and/or employees including physicians, nurses, fellows, residents, and medical professionals presently known to John/Jane Doe Defendants and unknown to Plaintiff that provided care, assessment, treatment and diagnosis described herein and are liable for the negligent acts or omissions of their authorized servants, employees, and actual or ostensible agents under theories of respondent superior, master servant, agency and right of control.

20. A physician/patient, and/or health care provider/patient relationship existed between Plaintiff and Defendants.

**FACTS**

21. On January 21, 2003, at the age of 41, Tammy Fletcher had a bilateral screening mammogram at St. Joseph Regional Medical Center. The mammogram was ordered by Karen York-Yung, M.D. According to the medical records, this was the baseline study for Tammy Fletcher.

22. The January 21, 2003 mammogram was interpreted by Madelyn Danoff, M.D. The conclusion was as follows: "Benign left intramammary lymph node. No radiographic evidence of malignancy. Annual mammography is recommended. Bi-rads category 2 = Benign finding."

23. On March 7, 2005, Tammy Fletcher had a diagnostic bilateral screening mammogram at St. Joseph Regional Medical Center. The mammogram was ordered by Marc Melincoff, M.D.

24. The March 7, 2005 mammogram was interpreted by Patrick J. Conte, M.D. The clinical history documented a 43 year old female with complaints of left breast pain. The conclusion was as follows: "Markedly dense breasts bilaterally. Spot compression view recommended and, if needed, sonography recommended. Bi-rads category 0 = Needs additional imaging evaluation."

25. On April 11, 2005, Tammy Fletcher had additional views of both breasts completed at St. Joseph Regional Medical Center.

26. The April 11, 2005 mammogram was interpreted by Madelyn Danoff, M.D. The conclusion was as follows: "Apparent bilateral asymmetric densities were caused by superimposed parenchyma. No interval change. No radiographic evidence of malignancy. Annual mammography is recommended. Bi-rads category 1-Negative."

27. On October 5, 2005, Tammy Fletcher presented to the office of Paterson Community Health Center and was examined by Adriane Nur, M.D. According to the medical records, the chief complaint was "swelling and pain in the legs, tightness in the abdomen." The medical records further state that for the past year Tammy Fletcher was "having recurrent right upper quadrant abdominal pain . . . feels like a tightness aggravated by deep breathing."

28. On August 9, 2006, Tammy Fletcher presented to the office of Paterson Community Health Center and was examined by Karen York-Yung, M.D. According to the medical records, the chief complaints were irregular menses, lump and tender right arm. Tammy Fletcher requested a mammogram.

29. Upon information and belief, Tammy Fletcher was informed that it was too soon for a mammogram to be performed.

30. On June 19, 2007, Tammy Fletcher presented to the office of Paterson Community Health Center and was examined by Karen York-Yung, M.D. According to the medical records, a mammogram and ultrasound of the abdomen was ordered.

31. On August 15, 2007, Tammy Fletcher had a bilateral screening mammogram at St. Joseph Regional Medical Center. The mammogram was ordered by Karen York-Yung, M.D.

32. The August 15, 2007 mammogram was interpreted by Vidor Bernstein, M.D. The conclusion was no radiographic evidence of malignancy - "no evidence of neoplasia." In addition, the report stated "Bi-rads category 1-Negative."

33. On May 19, 2008, Tammy Fletcher had a bilateral mammogram and ultrasound performed for bilateral breast pain at Woman's Imaging Center of Delaware. The mammogram documented "Poorly circumscribed mass in the outer half of the right breast which is irregular and shows of blood flow by ultrasound. Malignancy cannot be excluded. There was a palpable mass in the right axilla may represent lobulated lymph nodes although a tumor cannot be excluded."

34. A biopsy of the right breast mass was suggested as well as the right axillary mass.

35. On or about May 2007, Tammy Fletcher was diagnosed with Stage III breast cancer.

**COUNT I - NEGLIGENCE**
**(PLAINTIFF v. ALL DEFENDANTS)**

36. Plaintiff incorporates by reference all preceding paragraphs as if set forth fully herein.

37. Defendants owed Plaintiff a duty of care.

38. Defendants breached their duty of care to Plaintiff and were careless and negligent in the following ways, among others:

a. failing to timely diagnose Plaintiff's breast cancer;

b. failing to timely treat Plaintiff's breast cancer;

c. failing to obtain appropriate radiology exams/mammograms;

    d.    failing to properly read and interpret radiology exams/mammograms;

    e.    failing to take an adequate breast history;

    f.    failing to seek adequate and timely consults and follow-up care;

    g.    failing to take adequate breast examinations;

    h.    failing to appreciate the significance of Plaintiff's signs and symptoms of breast cancer;

    i.    failing to properly and adequately supervise agents, servants and/or employees involved in the care, treatment and management of Plaintiff;

    j.    failing to conform to the requisite standards of medical care in the diagnosis, treatment and management of Plaintiff's signs and symptoms of breast cancer;

    k.    failing to appreciate a medical emergency;

    l.    failing to timely effectuate proper interventional therapies;

    m.    failing to timely intervene in Plaintiff's care despite signs and symptoms of breast cancer; and

    n.    such other acts or omissions constituting negligence, carelessness, and recklessness as may appear during the course of discovery or at the trial of this matter.

39.    As a direct result of the carelessness, recklessness, and negligence of Defendants, as well as Defendants' failure to adhere to accepted medical and professional standards, Plaintiff, Tammy Fletcher, suffered painful and permanent injuries including, but not limited to, a delay in the diagnosis of breast cancer.

40.    At all times relevant hereto, Defendants agreed to undertake and provide Plaintiff with medical care including, but not limited to, examination, treatment, testing, diagnosis, follow-up

and medical attention in accordance with accepted standards of good and reasonable medical practices.

41. During the care and treatment rendered by Defendants, Defendants negligently failed to exercise ordinary care and/or the degree of care required by accepted standards of good and reasonable medical and/or radiology practice within their field, specialty and/or profession in that they failed to properly diagnose, monitor, evaluate, test, medicate, follow-up and treat Plaintiff in accordance with the accepted standards of good and reasonable medical practices.

42. As a direct result of the carelessness, recklessness and negligence of the Defendants, as well as Defendants' failure to adhere to accepted medical and professional standards, Plaintiff suffered painful and permanent injuries, including a delay in the diagnosis of breast cancer, surgeries, and incurred and will incur in the future substantial medical expenses in an effort to cure and rehabilitate herself and was rendered unable to attend to her duties.

43. The injuries Plaintiff suffered were the direct result of the negligent conduct of Defendants, their agents, servants, and employees and were due in no manner whatsoever to acts or failures to act on the part of Plaintiff.

44. The negligent acts and omissions of Defendants, jointly and severally, increased the risk of harm to Plaintiff and/or were substantial contributing factors in causing Plaintiff to suffer significant injuries and damages including, without limitation, the following:

    a. Injuries as documented in the medical records and evaluative reports of physicians and other health care professionals including, but not limited to, a delay in the diagnosis of breast cancer;

    b. Pain and suffering;

    c. Medical expenses;

    d. Mental anguish;

e. Embarrassment;

f. Disfigurement;

g. Humiliation;

h. Loss of earning capacity; and

i. Loss of life's pleasures.

WHEREFORE, Plaintiff demands judgment against all Defendants individually and jointly and severally for compensatory damages, interest thereon, cost of suit and such other and further relief as the Court may deem equitable and just.

**COUNT II - VICARIOUS LIABILITY**

45. The allegations stated above are incorporated herein by reference as if set forth in full.

46. Defendants, St. Joseph Regional Medical Center, St. Joseph's Health System, Vidor Bernstein, M.D., Madelyn Danoff, M.D., United States of America, Marc Melincoff, M.D. and St. Joseph Family Medicine are responsible for the negligent and careless treatment of their agents, servants, workmen, and or employees under the theories of *respondeat superior,* master servant, agency and right of control.

WHEREFORE, Plaintiff demands judgment against all Defendants individually and jointly and severally for compensatory damages, interest thereon, cost of suit and such other and further

relief as the Court may deem equitable and just.

**ROSS FELLER CASEY, LLP**

BY: ______________________

Robert Ross, Esquire
Gregory Haroutounian
One Liberty Place - Suite 3450
1650 Market Street
Philadelphia, PA 19103
215-574-2000
Attorneys for Plaintiff

Dated: March 23, 2010